RICHARD COLVIN vs. ELISHA WARFORD, et al.

On the hearing of a motion to dissolve an injunction, and discharge a re-
ceiver, the allegations of the answer, so far as the same are responsive
to the allegations of the bill, must be taken as true.

APPEAL from the Circuit Court for Baltimore city.

The bill in this case, filed on the 25th of June 1860, by
the appellees against the appellant, alleges that the complain-
ants, as eight out of eleven heirs at law of Rachel Colvin,
instituted an ejectment suit in the Superior court of Baltimore
city, and obtained a verdict and judgment in their favor for
eight-elevenths of the real estate of the said Rachel; that the
defendant is in possession of all said real estate, claiming as
devisee under a will of said Rachel, which had been admitted
to probate, but which was found to be invalid by the verdict
and judgment in said ejectment suit, and has been so in pos-
session since the 6th of August 1855, the date of said probate.
The bill further alleges that the defendant has received and
appropriated to his own use the rents of said estate, not only
from the said 6th of August, but for a period before that time,
viz., from the 9th of February 1853, while said real estate
was in the hands of receivers; that said rents and profits dur-
ing said period amount, after proper allowances, to between
$50,000 and $60,000, for the payment of which, to them,
they allege they have no security. They also allege that the
defendant is heavily indebted, and his property mortgaged,
and that he is engaged in business transactions by which he
may lose, in addition to the heavy losses he has already met
with, and that they have just cause of apprehension that, in
the event of an affirmance of the judgment in ejectment,
from which the defendant has appealed, or upon other final
settlement of the controversy between them and the defend-
ant, they will sustain great loss by his inability to refund the
rents received, or which he may hereafter receive. The bill
then prays a discovery by the defendant of all the rents and
profits since the 9th of February 1853, and that he may bring
the same into court, and that a receiver should be appointed

to take possession of all said real estate, and to manage the same, and to collect all the rents thereof pending the controversy to the title thereto between them and the defendant. It also prays an injunction against the defendant, prohibiting him from intermeddling in any manner with the said estate, or collecting the rents thereof, and that the tenants may be prohibited from paying any rents to him.

Upon this bill an injunction was granted, and a receiver appointed, as prayed.

The answer of the defendant, under oath, among other things, denies that the net rents during the entire period, exceeded $5000 per annum, and alleges that the amount received by him from rents of said real estate, cannot exceed $35,000, to be reduced by large outlays and payments, which are specially set forth, and for which he claims allowance in any claim for rents and profits against him. He denies that he has met with heavy losses, except from the litigation promoted by the complainants, or that he is engaged in any business which will expose him to pecuniary losses of importance, and he expressly alleges that he has belonging to him, besides and in addition to the real estate devised to him by the said Rachel, property much more than sufficient to pay any liability which can be established against him, and that his entire liability at this time, except for the alleged claim of the complainants, does not exceed $100,000, while his property, without including the real estate from the said Rachel Colvin, is fully worth $200,000. The answer also sets out at length many other facts and reasons why the injunction should not have been granted, and the receiver appointed, all of which need not now be stated, and also denies the jurisdiction of the court over such a case.

Upon the filing of this answer, a motion was made to dissolve the injunction, and rescind the order appointing the receiver. But the court, (KREBS, J.,) on the hearing of this motion, on the 14th of July 1860, overruled the same, and the defendant then appealed from the order granting the injunction and appointing a receiver, and also from the order of the 14th of July 1860, overruling his motion to dis-

solve the injunction and to rescind the appointment of the receiver.

The cause was argued before LE GRAND, C. J., TUCK, BARTOL and GOLDSBOROUGH, J.

*F. W. Brune* and *Wm. Schley*, for the appellant, and *G. L. Dulany*, for the appellees. The arguments upon either side were confined to the question of the propriety of granting the injunction and appointing the receiver, and the jurisdiction of the court. As this question was not decided by this court, these arguments need not be reported.

BARTOL, J., delivered the opinion of this court.

It is unnecessary for this court to determine whether, upon the case stated by the bill of complaint, an injunction was properly granted by the circuit court, and a receiver appointed. We are all of opinion that there was error in the subsequent order of the 14th of July 1860, refusing to dissolve the injunction, and continuing the same, and refusing to rescind the order appointing a receiver.

Whatever equity the complainants may have had under their bill, to claim the interposition of the court in their behalf, upon the ground of apprehended danger to their interests, in the event of their ultimate success in the action of ejectment now pending, has been taken away by the answer of the appellant, which, under the rules governing proceedings in chancery, must be taken as true, so far as the same is responsive to the allegations of the bill. See *Code, Art.* 16, *sec.* 103. A decree will be signed reversing the orders of the circuit court, dissolving the injunction, and discharging the receiver, and remanding the cause.

*Orders reversed and cause remanded.*

(Decided October 29th, 1861.)